WILLIAM BRINKERHOFF, EXECUTOR OF HIREM W. DAVIS, DECEASED, v. NEWARK AND HACKENSACK TRACTION COMPANY.

Argued February 27, 1901—Decided June 10, 1901.

1. The act of 1897 (*Pamph. L., p.* 229) is constitutional. It has one general object, which is sufficiently expressed in its title.

2. While the act of 1897 does not expressly declare that the new corporation shall have the right to take lands by eminent domain, it provides that it shall be entitled to all the rights, liberties, privileges and franchises of the corporation whose property and franchises have been sold and conveyed under its provisions. The right to take lands by condemnation is one of the most important of such rights, and passes in virtue of the sale and conveyance.

3. The right also to extend existing lines passes by the sale to the new corporation.

4. The time limited by the borough ordinance for completing the road is extended by the act of 1898. *Pamph. L., p.* 437.

5. If it had not been extended, the prosecutor is without a standing to assail these proceedings on the ground that the company did not comply with the terms of the borough ordinance. The borough may acquiesce in and consent to the delay.

6. It was not necessary in the petition to the borough to ask its consent to lay the tracks of the company over private property.

7. Upon the organization of the defendant company, as required by the act of 1897, the property and franchises purchased by Giles for himself and for his associates (who are the corporators) became vested in that corporation by force and effect of the act of 1897.

On *certiorari.*

Before Justices VAN SYCKEL, GARRISON and GARRETSON.

For the prosecutor, *Halsey M. Barrett.*

For the defendant, *Lindabury, Depue & Faulks.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The subject for review in this case is the proceeding taken before the late Justice Lippincott for the appointment of commissioners to examine and appraise the lands and assess the damages for the taking of the lands of the prosecutor and others on the application of the defendant company.

The petition for the appointment of commissioners is dated August 17th, 1899.

The report of the commissioners was confirmed by Mr. Justice Lippincott, February 1st, 1900.

The prosecutor claims that the proceedings are illegal for the reasons which will be considered.

The defendant company is organized under the act of 1897. *Pamph. L., p. 229.*

The first reason assigned for reversal is that the act of 1897 is unconstitutional and in contravention of article IV., section 7 of the state constitution requiring that "every law shall embrace but one object, and that shall be expressed in the title."

The alleged infirmity is that, in addition to providing for a judicial sale of the franchises and property of a corporation, it constitutes the purchaser thereof a new corporation.

The second reason is that, as the act of 1897 contains no express powers of condemnation to the purchaser, this defendant is without such power.

The third reason is that the purchaser can only operate the existing line which has been purchased, and cannot extend that line.

The act of 1897 is entitled "An act concerning the sale of

the property and franchises of any corporation created by or under any law or laws of this state, except steam railroad, canal, turnpike or plank road companies."

It provides that whenever the property and franchises of any corporation of this state, within the provisions of the act, shall be sold and conveyed under a decree or decrees in equity to satisfy any mortgage, debt, judgment or other encumbrance thereon, the purchaser or purchasers thereof shall become the owners of said property and of the corporate rights, liberties, privileges and franchises of the said corporation, and with his or their associates, not less than three in number, shall thereupon become a new corporation, and shall be deemed the stockholders thereof in the ratio of the purchase-money contributed by them respectively, and entitled to all the rights, liberties, privileges and franchises, and subject to all the conditions, limitations, restrictions and penalties of the corporation whose property and franchises shall be so sold and conveyed.

The persons for or on whose account the said purchase is made are required to organize the said new corporation within thirty days from the date of the conveyance, and the manner of organization and general powers of the new corporation are prescribed. The act further provides that nothing contained therein shall divest or impair the lien of any prior mortgage or encumbrance, and that no such sale and conveyance or organization of such new corporation shall in any way affect or impair the rights of any person not a party to the suit or suits in which the decree or decrees for sale shall be made.

The object of this legislation is to provide for the sale of the property and franchises of the classes of corporations designated by the act.

All its provisions are directed to the common end of enabling creditors to secure the satisfaction of their claims by appropriating thereto the proceeds of the sale of the property and franchises of their debtor.

The act contains no provision which is not appropriate and necessary to effectuate that purpose. If any provision is

stricken out the sale would in some measure at least be unproductive.  All the provisions are germane to the accomplishment of its one chief object, and that is under our decisions sufficiently expressed in the title.  *Walter* v. *Town of Union,* 4 *Vroom* 350; *In re Commissioners of Elizabeth,* 20 *Id.* 488; *Newark* v. *Mount Pleasant Cemetery,* 29 *Id.* 168; *Coward* v. *North Plainfield,* 34 *Id.* 61.

While the act does not expressly declare that the new corporation shall have the right to take lands by eminent domain, it provides that the corporation organized under it "shall be entitled to all the rights, liberties, privileges and franchises of the corporation whose property and franchises have been so sold and conveyed."

The Union Traction Company, to whose title the defendant company has succeeded, was incorporated under the Traction act of 1893, which gives to corporations organized under it the right to take lands necessary for the construction of their lines by condemnation.  It likewise gives such companies the right and power to extend, from time to time, existing lines.

This was a valuable right and franchise vested in the Union Traction Company at the time of the sale, and was as much a part of its property and franchises as the right to operate its then completed road.

The power to sell is not limited to part of the property or franchises.  In aid of creditors the purchasers are to be invested with all the rights, liberties, privileges and franchises of the debtor corporation, none are excepted.

The act should be liberally interpreted to secure that end.

The fourth reason is that the road was not completed within the time required by the ordinance of the borough of Woodridge, and therefore the condemnation proceedings are unauthorized.

The ordinance granting a franchise to the Union Traction Company was passed October 14th, 1896.  It provided that the road should be completed and put in operation within nine months thereafter.

These condemnation proceedings were not instituted until August, 1899.

By an act passed May 18th, 1898 (*Pamph. L., p.* 437), it is provided "that whenever the time limited for the completion of any horse, street, electric, cable or traction railroad or railway, or any part thereof, has expired either by the terms of any resolution or ordinance of any municipality of this state, or by the provisions of any law of this state, such time shall be and the same is hereby extended to the first day of July, in the year of our Lord one thousand nine hundred."

This act extended the time fixed by said borough ordinance to July 1st, 1900, before which date the condemnation proceedings were instituted and completed.

But if this act had not been passed, the municipality alone can assail the legality of these proceedings on this account; it may acquiesce in the delay and waive its right to insist upon a forfeiture. The prosecutor is without a standing to contest the validity of the proceedings on this ground; the defendant is not subject to be attacked collaterally. *Jersey City Gas Light Co.* v. *Consumers Gas Co.* 13 *Stew. Eq.* 427.

The fifth reason is that the petition in the condemnation proceedings failed to set out that the borough of Woodridge consented to the location of the route across the private property of the prosecutor and that therefore Mr. Justice Lippincott was without jurisdiction, cannot prevail.

The act of 1893 (*Pamph. L., p.* 310), specifically directs what the petition must show, and it was fully complied with.

The sixth reason claims that as the franchise granted by said borough designates the route of the defendant company as crossing the lands of the prosecutor and adjoining owners upon a proposed street, the right to the franchise does not arise until the proposed street is actually opened.

The reference in the ordinance to "a proposed street as shown on map" is simply a description of the granted route.

The defendant company was given no power to open the street, and the grant was not made upon condition that it should be opened by the company. The power resided in the municipality to open it at pleasure.

The seventh objection to the legality of the certified proceedings is that inasmuch as the petition to the borough only

asked a franchise over streets and highways of the municipality and not over private property, the application for the franchise granted was not properly before the borough council. A sufficient answer to this is that municipal consent to the construction of the railway over private property is not required by the act, and would be of no effect as against private ownership if granted.

The last reason relied on is that Giles, to whom the property and franchises of the Union Traction Company were struck off by the special master, did not convey the property and franchises to the defendant company before condemnation proceedings were commenced.

The sale to Giles was made to him for himself and his associates on the 10th of February, 1899, as appears by a declaration executed on that day by him. Under the broad provisions of the act of 1897, upon the filing of the certificate of organization of the Newark and Hackensack Traction Company in the office of the secretary of state, the title to the property and franchises purchased vested in that company and no further conveyance was necessary.

The Newark and Hackensack Traction Company was duly organized as required by the act of 1897, on the 20th day of February, 1899, and the certificate thereof was filed in the office of the secretary of state on the 23d day of February, 1899.

The first section of the act of 1897 provides that the sale shall vest in the purchaser or purchasers all the rights, liberties and privileges of the debtor corporation, and such purchaser or purchasers, and his or their associates, not less than three in number, shall thereupon become a new body politic and corporate in fact and in law by such name as said persons shall select, and shall be entitled to all the rights, liberties, privileges and franchises of the corporation whose property shall have been sold and conveyed.

Upon the organization of the new corporation the property and franchises purchased by Giles for himself and his associates became vested in that corporation by force and effect of the act of 1897.

The petition for the appointment of commissioners was in due form and duly verified, making a *prima facie* case, with due proof of notice, and that entitled the petitioner to the appointment.

On *certiorari* by the aggrieved landowner all questions which affect the right of the company to take his land may be passed upon if properly presented. *State* v. *Hudson Tunnel Co.,* 9 *Vroom* 548.

But the burden is upon the prosecutor to show some infirmity in the certified proceedings within the reasons upon which he has based his right to a review.

No such infirmity being found, the proceedings below are affirmed, with costs.